UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE WALTERS, | No. 2:16-cv-610-EFB P |
| Petitioner, | |
| v. | ORDER |
| J. LIZZARAGA, Warden, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He has paid the filing fee. Petitioner alleges that he is eligible for resentencing under California Penal Code section 1170.126, which amended California's Three Strikes Law in 2012. ECF No. 1 at 8-9.[2] He argues that the state courts deprived him of due process when they determined he was ineligible for resentencing on his 1996 conviction for possession of a firearm by a felon. *Id.* at 7.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ."  The court has conducted the review required under Rule 4 and concludes that summary dismissal of the petition is required.

"[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or appellate court.  "State courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).  *See also Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (per curiam) ("[S]entence enhancement on the basis of prior convictions . . . does not violate the Constitution.").

In this case, petitioner's claim lies outside this court's jurisdiction. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").  Although petitioner references "due process," the substantive issue raised is whether the state courts properly determined under California law that petitioner is ineligible for resentencing under § 1170.126.  Federal habeas corpus relief is unavailable to correct violations of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Accordingly, the petition for a writ of habeas corpus must be summarily dismissed. *See Garateix v. Rackley*, No. SACV 15-0795-FMO (JEM), 2015 U.S. Dist. LEXIS 70034 (C.D. Cal. May 28, 2015) (summarily dismissing petition based on state court's denial of resentencing as not cognizable in federal habeas review).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is summarily dismissed.

/////

2. The Clerk is directed to close the case.

3. The court declines to issue a certificate of appealability.

DATED: June 13, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3